

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2005

# Keys v. Craig

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2285

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Keys v. Craig" (2005). *2005 Decisions.* Paper 148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-345                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2285

CARRINGTON KEYS,

Appellant

v.

C.O. CRAIG; SUPERINTENDENT ZIMMERMAN; LIEUTENANT RHODES, Sgt.;
WOLARD; C.O. WITTEL; C.O. I ALBA; JEFFREY BEARD, Secretary of D.O.C.;
SERGEANT WEBB; ROBERT BILOUS; DONALD KELCHNER;
GRIEVANCE COORDINATOR JAGGERT

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-01004)
District Judge:  Honorable William J. Nealon

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 18, 2005

Before:  ROTH, BARRY and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed December 7, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Carrington Keys appeals from a District Court order dismissing his

complaint for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

Because no substantial question is presented, we will affirm.  <u>See</u> L.A.R. 27.4.

On May 6, 2004, Keys filed a complaint under 42 U.S.C. § 1983 alleging First and Eighth Amendment violations against numerous prison officials. He filed his first amended complaint on May 19, 2004, raising the same claims, but with added details. At issue in this appeal is the dismissal of Keys' claims against Correctional Officers Craig, Zimmerman, Wittel, Alba, and Webb. Keys alleges each denied him food, religious material, and legal material in retaliation for his testimony in another inmate's court proceedings. On April 8, 2005, adopting a Magistrate Judge's report and recommendation, the District Court dismissed the complaint because it held Keys failed to properly exhaust his available administrative remedies. Keys appeals.[1]

An inmate must properly exhaust all available administrative remedies prior to filing suit under § 1983. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002); Spruill, 372 F.3d at 222. In Spruill we held that proper exhaustion means that inmates must follow the procedural requirements of the prison grievance system. Spruill, 372 F.3d at 231. If an inmate fails to follow the prison grievance policy, then his claims are procedurally defaulted.

The Commonwealth's grievance policy provides three levels of review. See DC-ADM 804, Part VI. The District Court found Keys failed to satisfy the final stage of

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the dismissal of a complaint for failure to exhaust. See Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004). Keys also brought suit against several other prison officials, each of whom the District Court dismissed in earlier orders. Keys does not appeal these dismissals. Thus, we address the claims and parties dismissed on April 8, 2005, only.

review.  "An inmate who is dissatisfied with the disposition of an appeal from the Facility Manager, may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals, [hereinafter SOIGA] . . . ."  DC-ADM 804, Part VI.D.1.b.  On May 24, 2004, Keys timely filed an appeal, but failed to attach documents required for "a proper appeal to final review."  DC-ADM 804, Part VI.D.1.h.[2]   The SOIGA refused to act on the appeal because of this deficiency.

Keys argued in the District Court that he did eventually submit the documents required for proper review, but he was delayed because the prison took two weeks to make copies.  However, Keys never submitted the documents to the SOIGA, nor did he request an extension of time to file them.  Rather, he forwarded the documents along with a letter explaining his situation to Jeffrey Beard, the DOC Secretary.  It is also evident that Keys was aware of the filing requirements, but still failed to adhere to the grievance policy.[3]  Keys' claims are thus procedurally defaulted.  Accordingly, because no substantial question is presented, the District Court's order dismissing the complaint will be affirmed.

---

[2]  Keys filed his initial grievance, Grievance No. 82727, with respect to the deprivation of food claims only.  His legal and religious material deprivation claims are defaulted.

[3]  In Spruill, we left unresolved at what point compliance with prison grievance procedures is deemed sufficiently "substantial" to excuse procedural default.  Spruill, 373 F.3d at 232 (citing Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000)).  To the extent that Keys raises this issue, the instant facts do not require us to decisively resolve the question.  Instead, it suffices to state that Keys' failure to even attempt compliance with the grievance procedures cannot be sufficiently substantial to act as an excuse.  Otherwise, few, if any, single procedural failures would establish a default.